FILED
IN CLERK'S OFFICE
U.S. DI------ ----RT E.D.N.Y.
★    JUN 2 0 2005    ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN LABARBERA,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------X

05 CV 2411 (SJ)
MEMORANDUM
AND ORDER

APPEARANCES:

JOHN LABARBERA
# 70364-053
FCI Fort Dix, P.O. Box 7000
Fort Dix, NJ 08640
Petitioner, *Pro Se*

UNITED STATES ATTORNEY'S OFFICE
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Joseph Lipton
Attorney for Respondent

JOHNSON, Senior District Judge:

      Petitioner John Labarbera ("Petitioner") moves under 28 U.S.C. § 2255 to modify a sentence imposed under docket number 03 CR 0970. Petitioner contends that his sentence violated Blakely v. Washington, 542 U.S. ----, 124 S.Ct. 2531 (2004) and United States v. Booker, 543 U.S. ----, 125 S.Ct. 738 (2005) and that his sentence should be modified to remove certain sentencing enhancements. For the reasons stated herein, Petitioner's motion is DENIED.

1

P-049

## BACKGROUND

On February 19, 2004, Petitioner pleaded guilty to conspiracy to commit bank burglary, pursuant to a written plea agreement. In this plea agreement, Petitioner agreed to a Guidelines calculation that included a two-level sentencing enhancement for planning under U.S.S.G. § 2B2.1(a)(2), a two-level enhancement for loss in excess of $10,000 under U.S.S.G. § 2B2.1(b)(2)(C), and a two-level enhancement for reckless endangerment under under U.S.S.G. § 3C1.2. Petitioner agreed not to file an appeal or collaterally attack his sentence if the Court imposed a sentence of less than 24 months imprisonment. Petitioner was sentenced to 15 months incarceration.

## DISCUSSION

The Supreme Court decided Blakely on June 24, 2004. The Court finds that Blakely does not apply retroactively to either first or successive § 2255 motions, as Blakely announced a procedural rule that does not fall within either of the exceptions defined in Teague v. Lane, 489 U.S. 288 (1989). See, e.g., Green v. U.S., 397 F.3d 101 (2d Cir. 2005) (denying authorization to file a second or successive habeas petition under 28 U.S.C. § 2255 because Blakely did not establish a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review); Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) ("To date, the Supreme Court has not . . . announced Blakely to be a new rule of constitutional law, nor has the Court held it to apply retroactively on collateral review."); Warren v. United States, No. 3:01 CV 179, 2005 WL 165385, *10 (D.Conn. Jan. 25, 2005); Garcia v. United States, No. 04-CV-

2

P-049

0465, 2004 WL 1752588, *5 (N.D.N.Y. Aug. 4, 2004); Bishop v. United States, No. 04 Civ. 3633, 2004 WL 2516715, *10 n.8 (S.D.N.Y. Nov. 8, 2004). Booker, which was decided on January 12, 2005, likewise does not apply retroactively. E.g. Green, 397 F.3d at 103.

Petitioner is therefore only eligible for relief if his conviction became final after June 24, 2004. For the purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. Clay v. United States, 537 U.S. 522 (2003). The rules for the United States Supreme Court state that a petition for a writ of certiorari to review a decision by a United States Court of Appeals must be filed within ninety days after entry of the judgment. Id. at 525 (noting that time in which defendant could have petitioned for certiorari expired ninety days after the Court of Appeals affirmed the conviction); Sup. Ct. R. 13(1).

In the present case, given that Petitioner did not appeal his conviction on February 19, 2004, his conviction became final before Blakely or Booker was decided, and therefore he is not eligible for relief.

## CONCLUSION

For the reasons stated herein, Petitioner's 28 U.S.C. § 2255 motion is DENIED. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing

3

"does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: June 27, 2005      S/SJ
   Brooklyn, New York      Senior U.S.D.J.

4

P-049